UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARZAD YAGHOUTI,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>STANDARD INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | Case No.: 3:21-cv-01621-AJB-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 15]** |

　　　Before the Court is the parties' joint motion to continue the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC"), which are scheduled for May 12, 2022. ECF No. 15. The parties seek an order from the Court continuing these conferences by approximately 120 days. *Id.*

　　　Parties seeking to continue an ENE must demonstrate good cause. ECF No. 14 at 7 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties have represented to the Court that they have resolved Plaintiff's claim for breach of contract, and are currently engaged in informal resolution of Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, including damages related to attorney fees. ECF No. 15 at 3; ECF No. 15-1 at 2. The parties are in contact with Arnold Levinson from ADR Services and anticipate they will be able to complete the mediation process within the next 30 to 45 days. *Id*. Thus, because "they are cautiously optimistic they will fully resolve the dispute through the mediation process and without burdening the Court," the parties request a 120-day continuance of the ENE. *Id*.

The Court appreciates that the parties have been working together, and the Court finds good cause to **GRANT** the motion. ECF No. 15. However, given that the parties anticipate that the private mediation will occur within the next 30 to 45 days, the Court finds the parties' 120-day continuance request to be excessive at this time. Thus, the Court **ORDERS** the following:

1. By **May 12, 2022**, the parties shall lodge (not file) a Joint Mediation Plan via email at efile_goddard@casd.uscourts.gov. The joint plan must state:

   A. The firm date of private mediation;

   B. The identity of the mediator; and

   C. If applicable, a complete list of informal discovery the parties agree to exchange before mediation and a firm deadline by which the parties will exchange the informal discovery.

2. The ENE and CMC originally rescheduled for May 12, 2022, as well as the accompanying pre-conference deadlines, are **CONTINUED**. The Court will reset the ENE and CMC upon receipt of the parties' Joint Mediation Plan.

**IT IS SO ORDERED.**

Dated: April 22, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge